IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA BOOTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KRAFT TANK CORP., | ) |
| | )  Case No.  2:20-cv-2657 |
| Registered Agent | ) |
| Spencer P. Kraft | ) |
| 320 Kindleberger Road | ) |
| Kansas City, KS 66115 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Pamela Booty ("Plaintiff"), and for her Complaint against Defendant, Kraft Tank Corp. ("Kraft Tank" or "Defendant"), as a result of Defendant's unlawful employment practices, states and alleges as follows:

## PARTIES

1. Plaintiff is a resident of the State of Kansas and a former employee of Defendant.

2. Defendant is a business entity incorporated under the laws of the State of Kansas which, at all times relevant hereto, has done business in the State of Kansas and been authorized to do so.  Defendant is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") as amended by the Pregnancy Discrimination Act of 1978.

3. Defendant conducts and/or maintains and/or during all relevant times conducted and/or maintained a place of business at 320 Kindleberger Road in Kansas City, Kansas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this cause of action pursuant to 28 U.S.C. § 1331, 1337, and 1343(a)(4), as well as 42 U.S.C. § 2000e-5(f).

5. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action. A timely Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on June 30, 2020. A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto and incorporated by reference as Exhibit A.

6. On November 20, 2020, Plaintiff was issued her Notice of Right to Sue, authorizing her to proceed with her claim. A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto incorporated by reference as Exhibit B.

7. The United States District Court for the District of Kansas has personal jurisdiction over Defendant inasmuch as Defendant conducts business within this District.

8. The unlawful employment practices alleged herein were committed within this jurisdiction.

9. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business, and/or can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in substantial part in this district. Venue is also properly laid in this Court pursuant to 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Kansas.

## FACTS

10. Plaintiff is female.

11. Plaintiff was employed as a Customer Service Representative with Kraft Tank from May 18, 2020, until the termination of her employment on June 5, 2020. In this role Plaintiff reported to Tank Wash Supervisor Garrett Burton.

12. Plaintiff was pregnant at the time of the termination of her employment, and soon before the termination of her employment she became visibly pregnant. On June 4, 2020, Garrett Burton approached Plaintiff and asked "so when are you having this baby?" He added "I just want to know because you're good at this job and I can finally do my management duties and not have to do customer service, too." He then explained that "you have done more in less time than anyone that has previously been in your position, and in no time you should be able to handle customer service all on your own." Plaintiff thanked him and told him "I'm still learning and have a ways to go, but I've definitely improved and I've learned a lot. I feel I'm doing well in my position." He agreed and said again that he "finally ha[s] someone that can do this job so I'm not so stressed out." Plaintiff told him she was confident in her ability to do her job and to be his "right hand man."

13. The following morning Plaintiff arrived at work at 7:30 a.m. Immediately after she arrived Garrett Burton informed her that he had met the previous afternoon with CEO Spencer Kraft and informed him that Plaintiff was pregnant. Mr. Burton said that he had also informed Controller Tracy Smith of her pregnancy at the same meeting. He said that "Tracy will be down this morning to discuss it with you, but I wanted to give you a heads up that after I met with Spencer they are going to let you go." He then said "I tried to tell them to give you more time to learn everything and that this job is a lot and no one has succeeded as much as you in the position."

14. Plaintiff responded "Garrett, you know like I know that I'm being let go solely because I'm pregnant. It's no coincidence that you asked me yesterday about my pregnancy and this morning I'm about to be fired for no reason other than the fact that I'm pregnant, which is not right or fair." Plaintiff told Mr. Burton that she had missed no time and that she had had no restrictions related to her pregnancy. Mr. Burton agreed and said "**I know it's not fair and I tried**

3

**to keep you.  I know why they're doing this and there's nothing I can do about it hopefully you can say the right thing that will change their minds**." Mr. Burton told Plaintiff "I'm on the verge of quitting this job, especially for this.  **You shouldn't be fired because you're pregnant because you've done so much in this position in such a short time and I can only imagine how well you'd do in the long run**."

15. Plaintiff responded "unfortunately because I'm pregnant I won't get that chance." Mr. Burton said "I know, it's fucked up."  When Controller Tracy Smith arrived she said "I know Garrett has already informed you but I have to let you go."  Plaintiff asked "for what reasons?"  Plaintiff explained that she had succeeded in her role in every way without criticism, but that it didn't matter because of the fact that she was pregnant and it had just been made aware to them the day before.  Ms. Smith stuttered as she explained that Plaintiff was "on the phone too much."  Plaintiff asked her why she was being terminated when her supervisor was so pleased with her performance and she responded "it's out of his control."

16. Tracy Smith asked Plaintiff for her badge and explained that she would need to return her work shirts before she would receive her final paycheck, and then instructed Plaintiff to leave the premises.  When Plaintiff asked to speak with CEO and owner Spencer Kraft, Ms. Smith responded "the company does have an open-door policy" but then refused to allow Plaintiff to see him.  Ms. Smith asked Plaintiff again to leave the premises and Plaintiff did so.

## COUNT I – SEX DISCRIMINATION

17. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

18. Plaintiff is female.  She was pregnant at the time of the termination of her employment, a condition about which Defendant and Defendant's agents were aware.

19. Plaintiff was employed by Defendant.

20. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and Defendant's agents during the course of her employment with Defendant, based on her sex, in violation of Title VII as amended by the Pregnancy Discrimination Act.

21. Defendant failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination against its employees.

22. Defendant failed to properly train or otherwise inform their supervisors and employees concerning the duties and obligations under the civil rights laws, including Title VII.

23. Plaintiff's employment was terminated for reasons that constitute pretext for unlawful retaliation and/or discrimination on the basis of Plaintiff's sex.

24. As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

25. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

26. As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

27. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by 42

U.S.C. 2000(e) *et seq.;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement to work environment where Plaintiff is not subjected to discriminatory conduct; for her costs expended; for her reasonable attorneys' and expert's fees provided by 42 U.S.C. 2000(e)-5(k); and for such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to trial by jury.

## DESIGNATED TRIAL LOCATION

Pursuant to D. Kan. Rule 40.2, Plaintiff hereby designates the place of trial as **Kansas City, Kansas**.

Respectfully submitted,

/s/ Lewis M. Galloway
Lewis Galloway        Kansas Bar No. 20172
LG Law LLC
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

Chad C. Beaver       Kansas Bar No. 21280
1600 Genessee Street Ste 920
Kansas City, Missouri 64102
(816) 226-7750 | Office
(816) 817-0540 | Fax
cbeaver@beaver-law.com

ATTORNEYS FOR PLAINTIFF